BANK *v.* SHELTON.

(*Nashville.* February 28, 1889.)

1. HOMESTEAD. *Of husband after wife's death.*

Homestead acquired by and vested in husband during wife's life-time is not lost upon his being left wholly without family by reason of her death.

Code cited: § 2940 (M. & V.).

Case cited and approved: Webb *v.* Cowley, 5 Lea, 722.

2. SAME. *Same. Upon second marriage.*

Homestead vested in husband during first marriage will inure, upon his death, to the benefit of widow and child of a second marriage, as against his creditors securing levy thereon while he was a widower without family.

Constitution cited.: Art. XI., § 11.

Code cited: § 2935 (M. & V.).

FROM GILES.

Appeal from Chancery Court of Giles County. A. J. ABERNATHY, Ch.

Bill to recover lands.

Both parties claim under John P. C. Reed.

Complainants purchased the land at judicial sale.

Defendants, as widow and child of said Reed, claim it as their homestead.

The facts are undisputed. In 1877 the land in controversy was set apart to said Reed as his homestead by an officer having execution against him. Reed then had a wife, but no children. He occupied the land until his wife's death, in November, 1881.

He continued to occupy it as his homestead, without any family, until his second marriage, in May, 1882, to defendant Virginia L. Defendant Samuel B. Reed was the only issue of this marriage, and was born March 6, 1883.

J. P. C. Reed died in 1885. His widow, Virginia L., remarried, and her husband died.

From the date of her first marriage until the bill was filed in this case, in 1887, she occupied the land in dispute as her homestead.

In 1880 J. P. C. Reed fraudulently conveyed his remainder interest in his homestead.

In April, 1882—while he was a widower without family—complainants, being creditors of said Reed, filed bill to set aside this conveyance, and subject the property to their debts. Complainants secured levy of attachment upon the property.

In September, 1882, after Reed's second marriage, complainants obtained decree for sale of the lands attached, "subject to said Reed's homestead right." At this sale complainants purchased. Their bill, brought to recover the land upon these facts, was dismissed by the Chancellor.

Bank *v.* Shelton.

Complainants appealed.

JOHN T. ALLEN and N. & W. B. SMITHSON for complainants.

FLOURNOY RIVERS and WILKES & STEELE for respondents.

CALDWELL, J. There are two legal questions for decision in this cause. They are:

*First*—Will a homestead assigned under the statute (Code, M. & V., 2940) to a debtor, whose family at the time of the assignment consisted of himself and his first wife, vest in his second wife and their minor child upon his death?

*Second*—Will the *levy* of an attachment on his "reversion expectant, or remainder interest," in such homestead at a time *between* the death of his first wife and his marriage to a second wife, and the *sale* of the land under the attachment subject to his homestead right therein *after* his second marriage, deprive the second wife and their minor child of the homestead, and pass the land in fee to the purchaser upon the death of the debtor?

We answer the first question in the affirmative and the second in the negative.

The right of homestead having been acquired by the husband, as the head of a family, was not

divested or lost by the death of the first wife. *Webb* v. *Cowley,* 5 Lea, 722.

Then the debtor had a homestead in the land when the attachment was levied. So he had at the time of the sale; and, inasmuch as the homestead was not liable to sale under attachment, the sale made must have been, *in law* as it was *in fact,* subject to his right of homestead in the land.

This right he had at the time of his death, and when he died it inured to the benefit of his *"widow"* and *minor child* by the very terms of the Constitution, and of the Act of the Legislature passed in pursuance thereof. Const., Art. XI., Sec. 11; Code (M. & V.), Sec. 2935.

That the wife, who was enjoying the homestead with the debtor at the time of the allotment, is not the same one who now claims the homestead, is entirely immaterial. The former was the *wife,* but never the *widow;* the latter was likewise a *wife,* and, more than that, is also the *widow.*

Nor is the case changed by the fact that the debtor had no wife at all when the attachment was levied on the land; for, as has already been seen, he had not lost his right to homestead by the death of his first wife. He had that right in the land after her death the same as before, and it was not and could not be reached by attachment any more at the one time than at the other.

Up to the very moment of his death he had this right, unimpaired by any thing that had pre-

viously occurred.    The person who *was his wife* at that time *is now his* "*widow*," and she and their minor child are most manifestly entitled to the homestead under the constitutional and statutory provisions just mentioned.    The complainant owns the land, subject to that right, by virtue of its purchase.

The decree dismissing the bill is affirmed, with costs.